

**1:22-cr-165
Judge: Steven C. Seeger
Magistrate Judge: Beth W. Jantz
DIRECT / CAT 3**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 22 CR 165 |
| | ) | |
| v. | ) | Violations: Title 18, United States Code, Sections 371, 666(a)(1)(B), and 1512(b)(1) and 2 |
| | ) | |
| JOHN KOSMOWSKI | ) | |
| | ) | |
| | ) | **SECOND SUPERSEDING** |
| | ) | **INDICTMENT** |

### COUNT ONE

The SPECIAL APRIL 2024 GRAND JURY charges:

1.  At times material to this indictment:

    a.  The Village of Summit (the "Village") was a unit of local government located in the Northern District of Illinois that received in excess of $10,000 in federal benefits during the period between January 1, 2017, and December 31, 2017.

    b.  The Summit Police Department and the Building Department were agencies of the Village.

    c.  Defendant JOHN KOSMOWSKI was employed as a police officer by, and was an agent of, the Village. KOSMOWSKI oversaw the Summit Police Department's operations as Chief of Police.

    d.  William Mundy was employed by the Village as a building inspector, and was an agent of the Village.

1

e. Individual A was associated with Business 1, which operated in the Village. The Village issued a license to a family member of Individual A authorizing Business 1 to sell and serve alcoholic beverages (the "Business 1 liquor license").

f. Individual B was an elected official of the Village who exercised discretionary authority to authorize or transfer liquor licenses for businesses within the Village.

2. Beginning on or around March 20, 2017, and continuing until on or around March 23, 2017, at Summit, in the Northern District of Illinois, Eastern Division, and elsewhere,

JOHN KOSMOWSKI,

defendant herein, conspired with William Mundy, and others known and unknown to the Grand Jury, to corruptly accept and agree to accept from another person a thing of value, namely, a monetary payment, for the benefit of KOSMOWSKI and Mundy, intending to be influenced and rewarded in connection with any business, transaction, and series of transactions of the Village involving anything of value of $5,000 or more, namely, the transfer of the Business 1 liquor license to another individual, in violation of Title 18, United States Code, Section 666(a)(1)(B).

**Manner and Means of the Conspiracy**

3. It was part of the conspiracy that KOSMOWSKI and Mundy corruptly agreed to accept and accepted money from Individual A, knowing that money was

2

offered and given so that they would induce Individual B to authorize the transfer of the Business 1 liquor license to another person.

4. It was further part of the conspiracy that KOSMOWSKI and Mundy used cellular telephones to discuss their plans and the progress of the conspiracy.

5. It was further part of the conspiracy that, for the purpose of concealing and preventing detection of the conspiracy, KOSMOWSKI and Mundy used coded and vague language when discussing the receipt of a payment from Individual A.

6. It was further part of the conspiracy that KOSMOWSKI, Mundy, and their co-conspirators misrepresented and hid the existence of the conspiracy and the purposes of the conspiracy.

### Overt Acts

7. It was further part of the conspiracy that KOSMOWSKI and Mundy committed and caused to be committed one or more of the following overt acts, among others, within the Northern District of Illinois and elsewhere, in furtherance of and to effect the objects of the conspiracy:

    a. On or about March 20, 2017, KOSMOWSKI and Mundy met to discuss receiving a payment from Individual A.

    b. On or about March 20, 2017, Mundy called Individual B for the purpose of influencing and causing Individual B to approve the transfer of the Business 1 liquor license to another person.

  c. On or about March 20, 2017, Mundy called Individual A and told Individual A to begin preparing the paperwork needed for the transfer of the Business 1 liquor license.

  d. On or about March 23, 2017, KOSMOWSKI called Individual A to get an update on the paperwork for the transfer of the Business 1 liquor license.

  e. On or about March 23, 2017, KOSMOWSKI received more than $5,000 in cash from Individual A.

  f. On or about March 23, 2017, KOSMOWSKI gave Mundy a portion of the cash that KOSMOWSKI had received from Individual B.

In violation of Title 18, United States Code, Section 371.

## COUNT TWO

The SPECIAL APRIL 2024 GRAND JURY further charges:

1. Paragraph One of Count One is incorporated here.

2. On or about March 23, 2017, at Summit, in the Northern District of Illinois, Eastern Division, and elsewhere,

JOHN KOSMOWSKI,

defendant herein, being an agent of the Village of Summit, corruptly accepted and agreed to accept from another person a thing of value, namely, a monetary payment, for the benefit of KOSMOWSKI and William Mundy, intending to be influenced and rewarded in connection with any business, transaction, and series of transactions of the Village of Summit involving anything of value of $5,000 or more, namely, the transfer of the Business 1 liquor license to another individual;

In violation of Title 18, United States Code, Section 666(a)(1)(B) and 2.

**COUNT THREE**

The SPECIAL APRIL 2024 GRAND JURY further charges:

1. Paragraph One of Count One is incorporated here.

2. On or about March 23, 2017, JOHN KOSMOWSKI received more than $5,000 in cash from Individual A.

3. On or about March 23, 2017, KOSMOWSKI gave William Mundy a portion of the cash that KOSMOWSKI had received from Individual A.

4. In or around 2017, a federal grand jury investigation assigned number 17 GJ 52 was initiated in the Northern District of Illinois, and remained pending before the Special May 2021 Grand Jury through the date of the first superseding indictment. During the course of federal grand jury investigation 17 GJ 52, the Special May 2021 Grand Jury heard evidence concerning the commission of offenses by KOSMOWSKI, Mundy, and others, including the offenses set forth in this second superseding indictment.

5. On or about March 14, 2022, KOSMOWSKI met with Mundy in Justice, Illinois, and: (i) told Mundy that a grand jury was investigating the circumstances of the March 2017 payment from Individual A, that the government would be "indicting soon," that it "was going to be their version against ours"; and (ii) sought to corruptly persuade Mundy that the March 2017 payment from Individual A to KOSMOWSKI and from KOSMOWSKI to Mundy were loans knowing that the payments were not loans.

6

6. On or about March 22, 2022, a criminal proceeding was initiated against KOSMOWSKI in the United States District Court for the Northern District of Illinois and assigned criminal case number 22 CR 165. This federal criminal case remained pending as of the date of the return of this second superseding indictment.

7. On or about March 14, 2022, at Justice, in the Northern District of Illinois, Eastern Division, and elsewhere,

JOHN KOSMOWSKI,

defendant herein, did knowingly attempt to corruptly persuade another person, Mundy, with the intent to influence the testimony of Mundy in an official proceeding, namely, federal grand jury investigation 17 GJ 52 and federal criminal case number 22 CR 165, in that defendant sought to persuade Mundy to mischaracterize the nature and purpose of the cash payment that Individual A made to KOSMOWSKI on or about March 23, 2017 and that KOSMOWSKI made to Mundy on or about March 23, 2017;

In violation of Title 18, United States Code, Section 1512(b)(1).

## FORFEITURE ALLEGATION

The SPECIAL APRIL 2024 GRAND JURY alleges:

1. The allegations contained in Counts One and Two of this superseding indictment are realleged and incorporated here for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2. As a result of his violations of Title 18, United States Code, Sections 371 and 666(a)(1)(B), as alleged in the foregoing second superseding indictment,

JOHN KOSMOWSKI,

defendant herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all right, title and interest in property, real and personal, which constitutes and is derived from proceeds traceable to the charged offenses.

3. The interests of KOSMOWSKI subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), include, but are not limited to, at least approximately $5,000.

4. If any of the property subject to forfeiture and described above, as a result of any act or omission of the defendant:

    a. Cannot be located upon the exercise of due diligence;

    b. Has been transferred or sold to, or deposited with, a third party;

    c. Has been placed beyond the jurisdiction of the Court;

      d.      Has been substantially diminished in value; or

      e.      Has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United Stats Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

A TRUE BILL:

_____
FOREPERSON

_____
ACTING UNITED STATES ATTORNEY